**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Hastings,<br><br>        Plaintiff,<br><br>vs.<br><br>Elvin Garry Grundy, III; and The Grundy Law Firm, PLLC,<br><br>        Defendants. | No. CV-19-4645-PHX-DGC<br><br>**ORDER TO SHOW CAUSE** |

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff John Hastings has filed a motion for entry of default against Defendant Grundy Law Firm, PLLC. Doc. 15. For reasons stated below, the Court will defer ruling on the motion and require Plaintiff, by **June 5, 2020**, to show cause why this case should not be dismissed for lack of federal subject matter jurisdiction.

**I.      Background.**

Plaintiff asserts claims for legal malpractice, breach of fiduciary duty, and inadequate representation against Defendants Elvin Grundy and the Grundy Law Firm. *Id.* at 2-4. Plaintiff seeks compensatory damages in the amount of $350,000 and unspecified punitive damages. *Id.* at 4.

On July 8, 2019, the Court granted Plaintiff's application to proceed in forma pauperis, but denied his motion for service of process by the U.S. Marshal. Docs. 2, 5,

10. Plaintiff thereafter moved to extend the service deadline and allow for alternative service. Doc. 12. The Court gave Plaintiff until February 24, 2020 within which to properly serve Defendants, but denied his request for alternative service. Doc. 13. Plaintiff now seeks the entry of default against the Grundy Law Firm. Doc. 15.

### B. Motion for Entry of Default.

Elvin Grundy is the statutory agent for the Grundy Law Firm. *See* Arizona Corporation Commission ("ACC"), Entity Information, https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=P16988395 (last visited May 8, 2020). His address for receiving service of process as statutory agent is 808 East Desert Drive North, Phoenix, AZ 85042. *Id.* Plaintiff attempted to serve process on Defendants at that address but the documents were returned as undeliverable. Doc. 14 at 4.

On January 30, 2020, the ACC received the summons and complaint as an agent for the Grundy Law Firm and mailed copies of the documents to the firm's last known business address, P.O. Box 90166, Phoenix, AZ 85066. *Id.* at 3; *see* A.R.S. § 29-606(B) ("If a limited liability company fails to appoint or maintain a statutory agent at the address shown on the records of the commission, the commission is an agent of the limited liability company on whom any process . . . may be served.").[1] The Grundy Law Firm has failed to answer or otherwise respond to the complaint and the time for doing so has expired. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint[.]"); A.R.S. § 29-606(B) ("If service is made on the commission, whether under this chapter or a rule of court, the limited liability company has thirty days to respond in addition to the time otherwise provided by law.").

Rule 55(a) requires the entry of default where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

---

[1] *See also* ACC, https://ecorp.azcc.gov (listing the same business address for the Grundy Law Firm); State Bar of Arizona, Find a Lawyer, https://azbar.legalservices link.com/attorneys-view/ElvinGarryGrundy (same) (last visited May 8, 2019).

shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a).  Plaintiff has submitted an affidavit and proof of service showing that the Grundy Law Firm was properly served through the ACC.  Docs. 14, 16; *see* A.R.S. § 29-606(B); *Nicklaus Cos. LLC v. Bryan Hepler Golf LLC*, No. CV-18-01748-PHX-ROS, 2019 WL 1227198, at *1 (D. Ariz. Mar. 15, 2019) (§ 29-606(B) "allows for service of process on the [ACC] when a 'limited liability company fails to appoint or maintain a statutory agent at the address shown on the records of the commission'"); *Same Day Garage Door Servs. v. Y.N.G. 24/7 Locksmith LLC*, No. CV-19-04782-PHX-MTL, 2020 WL 1659913, at *1 (D. Ariz. Apr. 3, 2020) (same); *Hahne v. AZ Air Time, LLC*, No. 1 CA-CV 14-0586, 2016 WL 1117747, at *2 & n.4 (Ariz. Ct. App. Mar. 22, 2016) (same); *see also* Fed. R. Civ. P. 4(e)(1) (plaintiffs may utilize the service of process rules that apply in the state in which the federal district court is located).

### C. Subject Matter Jurisdiction.

The Court is inclined to enter default against the Grundy Law Firm under Rule 55(a), but it is not clear from the complaint that subject matter jurisdiction exists. Before proceeding further, the Court is obligated to confirm whether it has subject matter jurisdiction.  *See Ten Bridges LLC v. Hofstad*, No. 2:19-CV-01134-RAJ, 2020 WL 1940325, at *3 (W.D. Wash. Apr. 22, 2020) (citing *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011)).  "[A] federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue." *White v. O'Reilly Auto Enters. LLC*, No. 2:20-cv-00453-JAM-KJN-PS, 2020 WL 1532310, at *1 (E.D. Cal. Mar. 31, 2020) (citing *United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 967 (9th Cir. 2004)).  Indeed, a district court "must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction." *Id.* (citing Fed. R. Civ. P. 12(h)(3)); *see Moore*, 657 F.3d at 894 (same).[2]

---

[2] *See also* 28 U.S.C. § 1915(e)(2) (requiring the district court to screen complaints filed by plaintiffs proceeding in forma pauperis); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (§ 1915(e) applies to all in forma pauperis complaints).

Federal subject matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Courts "analyze federal question jurisdiction with reference to the well-pleaded complaint rule." *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992). Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003). Plaintiff's complaint asserts state law tort claims for legal malpractice, breach of fiduciary duty, and inadequate representation. Doc. 1 at 2-4. Because the complaint asserts no federal claim, the Court lacks subject matter jurisdiction under the federal question statute. *See* 28 U.S.C. § 1331; *Yokeno*, 973 F.2d at 809.

Diversity jurisdiction has two requirements: (1) complete diversity of citizenship between the parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). While there appears to be complete diversity between the parties in this case (Doc. 1 at 1), it is not evident that the amount in controversy has been met. Plaintiff alleges in the complaint that as a result of Defendants' tortious conduct, he was not able to obtain a $13,200 judgment against the opposing party and instead was ordered, in July 2015, to pay more than $18,000 in legal fees to the opposing party. Doc. 1 at 2. Plaintiff estimates that with accrued interest, this amount has increased to more than $36,000 as of June 2019. *Id.* Plaintiff further alleges that he paid thousands of dollars to Defendants, but does not specify the actual amounts paid. *Id.* Plaintiff claims to have "lost employment opportunities and benefits valued at greater than a quarter of a million dollars," but does not describe what was lost or explain why it was worth more than $250,000. *Id.* at 2.[3] While Plaintiff seeks punitive damages because Defendants' alleged conduct would "shock the conscience of reasonable people" (*id.* at 4), the "mere

---

[3] Nor does Plaintiff allege that the lost "opportunities and benefits" were caused by Defendants' conduct. *See Nigro v. Corizon Med. Servs.*, No. 1:19-CV-00441-BLW, 2020 WL 572714, at *1 (D. Idaho Feb. 5, 2020) (explaining that "a complaint cannot recite only the elements of a cause of action, supported by mere conclusory statements that a defendant is responsible for the harm alleged") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004); *see Propst v. Simon*, No. CV-08-2111-PHX-DGC, 2009 WL 307274, at *2 (D. Ariz. Feb. 9, 2009) ( "a general prayer for punitive damages, by itself, may not be sufficient to meet the defendant's burden of proof"); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003) (a complaint seeking "in excess" of $10,000 for punitive damages did not clearly satisfy the jurisdictional minimum).

Plaintiff "bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016). Plaintiff has failed to meet his "burden to plead facts supporting a conclusion that the amount in controversy is satisfied." *Raymond v. Bank of Am., N.A.*, No. 1:19-cv-00790-DAD-JLT, 2019 WL 2465433, at *3 (E.D. Cal. June 13, 2019). The Court will require Plaintiff, by **June 5, 2020**, to show cause why the Court should not dismiss the complaint for failure to meet the $75,000 amount-in-controversy requirement. *See* 28 U.S.C. § 1332(a); *Ten Bridges LLC*, 2020 WL 1940325, at *3. The Court defers ruling on Plaintiff's motion for entry of default pending his response to this Order to Show Cause.[4]

**IT IS ORDERED** that by **June 5, 2020**, Plaintiff shall show cause why this case should not be dismissed for failure to meet the $75,000 amount-in-controversy requirement for diversity jurisdiction. Plaintiff's failure to respond to this Order to Show Cause will result in dismissal of the case.

Dated this 12th day of May, 2020.

David G. Campbell
Senior United States District Judge

---

[4] If the Court were to enter the Grundy Law Firm's default and Plaintiff moved for default judgment under Rule 55(b), Plaintiff would be required to provide an evidentiary basis for the damages he seeks. *See Valenzuela v. Regency Theater*, No. CV-18-2013-PHX-DGC, 2019 WL 5721062, at *2 (D. Ariz. Nov. 5, 2019); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).