**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Hastings,<br><br>                Plaintiff,<br><br>vs.<br><br>Elvin Garry Grundy, III; and The Grundy Law Firm, PLLC,<br><br>                Defendants. | No. CV-19-4645-PHX-DGC<br><br>**ORDER** |

On May 12, 2020, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of federal subject matter jurisdiction. Doc. 17. Plaintiff was required to file a response to the Order to Show Cause by June 5, 2020. *Id.* at 1, 5. The Court warned Plaintiff that his case would be dismissed if he failed to file a response. *Id.* at 5. To date, no response has been filed.

As previously explained (*id.* at 3), "a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue." *White v. O'Reilly Auto Enters. LLC*, No. 2:20-cv-00453-JAM-KJN-PS, 2020 WL 1532310, at *1 (E.D. Cal. Mar. 31, 2020) (citing *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004)). Indeed, a district court "must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction." *Id.* (citing Fed. R. Civ. P. 12(h)(3)); *see Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (same).

Plaintiff's complaint asserts state law tort claims for legal malpractice, breach of fiduciary duty, and inadequate representation. Doc. 1 at 2-4. Because the complaint asserts no federal claim, the Court lacks subject matter jurisdiction under the federal question statute. *See* 28 U.S.C. § 1331; *Yokeno v. Mafnas*, 973 F.2d 803, 809 (9th Cir. 1992).

Diversity jurisdiction has two requirements: (1) complete diversity of citizenship between the parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Plaintiff "bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).

Plaintiff alleges that as a result of Defendants' tortious conduct, he was not able to obtain a $13,200 judgment against the opposing party and instead was ordered, in July 2015, to pay more than $18,000 in legal fees to the opposing party. Doc. 1 at 2. Plaintiff estimates that with accrued interest, this amount has increased to more than $36,000 as of June 2019. *Id.* Plaintiff further alleges that he paid thousands of dollars to Defendants, but does not specify the actual amounts paid. *Id.* Plaintiff claims to have "lost employment opportunities and benefits valued at greater than a quarter of a million dollars," but does not describe what was lost or explain why it was worth more than $250,000. *Id.* at 2.[1] While Plaintiff seeks punitive damages because Defendants' alleged conduct would "shock the conscience of reasonable people" (*id.* at 4), the "mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004); *see Propst v. Simon*, No. CV-08-2111-PHX-DGC, 2009 WL 307274, at *2 (D. Ariz. Feb. 9, 2009) ("a general prayer for punitive damages, by itself, may not be sufficient to meet the defendant's burden of proof"); *Matheson v. Progressive*

---

[1] Nor does Plaintiff allege that the lost "opportunities and benefits" were caused by Defendants' conduct. *See Nigro v. Corizon Med. Servs.*, No. 1:19-CV-00441-BLW, 2020 WL 572714, at *1 (D. Idaho Feb. 5, 2020) (explaining that "a complaint cannot recite only the elements of a cause of action, supported by mere conclusory statements that a defendant is responsible for the harm alleged") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

*Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003) (a complaint seeking "in excess" of $10,000 for punitive damages did not clearly satisfy the jurisdictional minimum).

Plaintiff has failed to meet his "burden to plead facts supporting a conclusion that the amount in controversy is satisfied." *Raymond v. Bank of Am., N.A.*, No. 1:19-cv-00790-DAD-JLT, 2019 WL 2465433, at *3 (E.D. Cal. June 13, 2019). Plaintiff also has failed to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See* Doc. 17. The Court accordingly will dismiss this case without prejudice. *See Santos v. Reis*, No. 1:20-cv-00109-LJO-SKO, 2020 WL 2404872, at *2 (E.D. Cal. May 12, 2020) ("The deadline for plaintiff to respond to the order to show cause has expired and no response thereto has been filed by plaintiff. . . . For the foregoing reasons, the court DISMISSES plaintiff's complaint for lack of subject matter jurisdiction."); *Bey v. Nervis*, No. 19-CV-08328-HSG, 2020 WL 2097588, at *2 (N.D. Cal. May 1, 2020) ("On March 18, 2020, the Court issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction . . . . Plaintiff was given until April 15, 2020 to respond. He failed to do so. Finding that no federal question is present on the face of the Complaint, and that Plaintiff failed to plead complete diversity and amount in controversy to establish diversity jurisdiction, the Court DISMISSES this action[.]").

**IT IS ORDERED:**

1. This case is **dismissed** without prejudice for lack of subject matter jurisdiction.

2. Plaintiff's motion for entry of default (Doc. 15) is **denied** as moot.

3. The Clerk is directed to **terminate** this action.

Dated this 10th day of June, 2020.

David G. Campbell
Senior United States District Judge