**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Hastings, | No. CV-19-4645-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Elvin Garry Grundy, III; and The Grundy Law Firm, PLLC, | |
| Defendants. | |

Plaintiff John Hastings filed a motion for entry of default against Defendant Grundy Law Firm. Doc. 15. On May 12, 2020, the Court deferred ruling on the motion and ordered Plaintiff to show cause why this case should not be dismissed for failure to meet the amount in controversy requirement for diversity jurisdiction. Doc. 17 at 4-5; *see* 28 U.S.C. § 1332(a). The Court gave Plaintiff until June 5, 2020 to respond to the Order to Show Cause and explained that his case would be dismissed if he failed to do so. *Id.* at 5. When no response was filed by the June 5 deadline, the Court dismissed this action without prejudice for lack of subject matter jurisdiction and denied the motion for entry of default as moot. Doc. 18. Plaintiff filed a belated response to the Order to Show Cause on June 10, 2020. Doc. 19. Given Plaintiff's pro se status and his efforts to diligently prosecute this action, the Court will consider the response.

**I.      Plaintiff Has Sufficiently Pled the Requisite Amount in Controversy.**

Diversity jurisdiction has two requirements: (1) complete diversity of citizenship between the parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Plaintiff "bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).

Complete diversity between the parties exists because Plaintiff is a citizen of Texas and Defendants are citizens of Arizona. Doc. 1 at 1. Based on its initial review of the complaint, however, the Court could not conclude that the amount in controversy requirement has been met. *See* Doc. 17 at 4-5. Having reviewed the complaint in light of Plaintiff's response to the Order to Show Cause, and based on further legal research, the Court now concludes that Plaintiff has sufficiently pled an amount in controversy exceeding $75,000.

Plaintiff asserts state law claims for legal malpractice, inadequate representation, and breach of fiduciary duty against attorney Elvin Grundy and his law firm. Doc. 1 at 2-4.[1] Plaintiff alleges that as a result of Defendants' tortious conduct, he was not able to obtain a $13,200 judgment against the opposing party and instead was ordered, in July 2015, to pay more than $18,000 in legal fees to the opposing party. *Id.* at 2. Plaintiff estimates that with accrued interest, this amount has increased to more than $36,000 as of June 2019. *Id.* Plaintiff further alleges that he paid thousands of dollars to Defendants in legal fees. *Id.* Plaintiff seeks $50,000 in damages for emotional distress he purportedly suffered from the alleged tortious conduct. *Id.* at 4; Doc. 19 at 5.

Courts in Arizona have held that "simple legal malpractice resulting in pecuniary loss which in turn causes emotional upset . . . will not support a claim for damages for emotional distress." *Reed v. Mitchell & Timbanard, P.C.*, 903 P.2d 621, 626 (Ariz. Ct. App. 1995); *see Murray v. Farmers Ins. Co. of Ariz.*, No. 2 CA-CV 2014-0123, 2016 WL

---

[1] Because the complaint asserts no federal claim, the Court lacks subject matter jurisdiction under the federal question statute. *See* 28 U.S.C. § 1331; *Yokeno v. Mafnas*, 973 F.2d 803, 809 (9th Cir. 1992).

2

7367754, at *7 (Ariz. Ct. App. Jan. 19, 2016); *Energex Enters., Inc. v. Shughart, Thomson & Kilroy, P.C.*, No. CIV. 04-1367 PHX ROS, 2006 WL 2401245, at *6 (D. Ariz. Aug. 17, 2006). But Plaintiff does not merely assert a simple malpractice claim against Defendants; he also asserts a claim for breach of fiduciary duty. Doc. 1 at 3-4.

"[T]he essential elements of legal malpractice based on breach of fiduciary duty include the following: (1) an attorney-client relationship; (2) breach of the attorney's fiduciary duty to the client; (3) causation, both actual and proximate; and (4) damages suffered by the client." *Atkins v. Snell & Wilmer LLP*, No. 1 CA-CV 17-0519, 2018 WL 5019615, at *8 (Ariz. Ct. App. Oct. 16, 2018) (quoting *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1135 (D. Ariz. 2007)). "[E]conomic damages proximately caused by malpractice are recoverable, and mental injury damages may also be awarded pursuant to Arizona law if they are a consequence of the attorney's 'willful fiduciary breach.'" *Cecala*, 532 F. Supp. 2d at 1135 (quoting *Reed*, 903 P.2d at 626).[2]

Plaintiff alleges that Defendants failed to perform the legal services for which they were retained and instead filed multiple motions to continue which resulted in the dismissal of Plaintiff's case and an award of attorneys' fees against him. Doc. 1 at 1-2. Plaintiff further alleges that Defendants failed to communicate with Plaintiff, made agreements with opposing counsel without Plaintiff's consent, violated the attorney-client privilege, and refused to provide the case file to Plaintiff after withdrawing from the case. *Id.* at 3. Plaintiff claims that Defendants' representation was "extremely reckless" and would "shock the conscience of reasonable people." *Id.* at 3-4.

Construed liberally, Plaintiff's allegations warrant a finding that Defendants' legal representation, or lack thereof, was a willful breach of the fiduciary duties owed to Plaintiff as a client. Plaintiff therefore may recover damages for emotional distress caused by such breach. *See Cecala*, 532 F. Supp. 2d at 1135. Given the alleged

---

[2] *See also* Revised Arizona Jury Instructions (Civil), 6th Commercial Torts 3, Fiduciary Duty (Measure of Damages) (allowing the recovery of emotional distress damages caused by a breach of fiduciary duty).

3

emotional distress and the apparent amount of Plaintiff's economic losses, the amount in controversy likely exceeds $75,000. Because there is complete diversity between the parties and Plaintiff has sufficiently pled the requisite amount in controversy, the Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). The Court accordingly will vacate its order dismissing this case for lack of subject matter jurisdiction and denying Plaintiff's motion for entry of default as moot. Doc. 18.

**II.     Plaintiff's Motion for Entry of Default.**

Elvin Grundy is the statutory agent for the Grundy Law Firm. *See* Arizona Corporation Commission ("ACC"), Entity Information, https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=P16988395 (last visited June 16, 2020). His address for receiving service of process as statutory agent is 808 East Desert Drive North, Phoenix, AZ 85042. *Id.* Plaintiff attempted to serve process on Defendants at that address, but the documents were returned as undeliverable. Doc. 14 at 4.

On January 30, 2020, the ACC received the summons and complaint as an agent for the Grundy Law Firm and mailed copies of the documents to the firm's last known business address, P.O. Box 90166, Phoenix, AZ 85066. *Id.* at 3; *see* A.R.S. § 29-606(B) ("If a limited liability company fails to appoint or maintain a statutory agent at the address shown on the records of the commission, the commission is an agent of the limited liability company on whom any process . . . may be served.").[3] The Grundy Law Firm has failed to answer or otherwise respond to the complaint and the time for doing so has expired. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint[.]"); A.R.S. § 29-606(B) ("If service is made on the commission, whether under this chapter or a rule of court, the limited liability company has thirty days to respond in addition to the time otherwise provided by law.").

---

[3] *See also* ACC, https://ecorp.azcc.gov (listing the same business address for the Grundy Law Firm); State Bar of Arizona, Find a Lawyer, https://azbar.legalserviceslink.com/attorneys-view/ElvinGarryGrundy (same) (last visited June 17, 2019).

Rule 55(a) requires the entry of default where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Plaintiff has submitted an affidavit and proof of service showing that the Grundy Law Firm was properly served through the ACC. Docs. 14, 16; *see* A.R.S. § 29-606(B); *Nicklaus Cos. LLC v. Bryan Hepler Golf LLC*, No. CV-18-01748-PHX-ROS, 2019 WL 1227198, at *1 (D. Ariz. Mar. 15, 2019) (§ 29-606(B) "allows for service of process on the [ACC] when a 'limited liability company fails to appoint or maintain a statutory agent at the address shown on the records of the commission'"); *Same Day Garage Door Servs. v. Y.N.G. 24/7 Locksmith LLC*, No. CV-19-04782-PHX-MTL, 2020 WL 1659913, at *1 (D. Ariz. Apr. 3, 2020) (same); *Hahne v. AZ Air Time, LLC*, No. 1 CA-CV 14-0586, 2016 WL 1117747, at *2 & n.4 (Ariz. Ct. App. Mar. 22, 2016) (same); *see also* Fed. R. Civ. P. 4(e)(1) (plaintiffs may utilize the service of process rules that apply in the state in which the federal district court is located). Because the Grundy Law Firm was served with process and has failed to answer or otherwise respond to the complaint, the Court will grant Plaintiff's motion for entry of default. Doc. 15; *see* Fed. R. Civ. P. 55(a).

**III.    Plaintiff's Motion for Default Judgment.**

The Court explained in the Order to Show Cause that if the Grundy Law Firm's default is entered and Plaintiff moves for default judgment under Rule 55(b), Plaintiff would be required to provide an evidentiary basis for the damages he seeks. Doc. 17 at 5 n.4 (citing *Valenzuela v. Regency Theater*, No. CV-18-2013-PHX-DGC, 2019 WL 5721062, at *2 (D. Ariz. Nov. 5, 2019); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Plaintiff now seeks default judgment against the Grundy Law Firm. Doc. 19 at 3. The attached declaration itemizes Plaintiff's alleged damages but provides no specific information or documentary evidence for the amounts listed. *Id.* at 5. For example, Plaintiff seeks $50,000 for emotional distress – "embarrassment, lost sleep, etc." – but does not describe the extent and duration of the specific emotional distress he has experienced. Nor does Plaintiff provide any records or documents establishing his

claimed economic losses – the retainer and legal fees he paid Defendants, the judgment against him, and his purported lost employment opportunities and benefits. *See* Doc. 1 at 1-2.

Plaintiff's conclusory statements in his declaration are not sufficient; the Court "requires a more substantial evidentiary showing to prove up the amount of damages requested." *PHL Variable Ins. Co. v. Crescent Fin. & Ins. Agency, Inc.*, No. 2:16-cv-01307-CAS (AJWx), 2017 WL 4342050, at *3 (C.D. Cal. Sept. 28, 2017) (noting that "the lump sum requested by plaintiff appears to be speculative without a more substantial evidentiary showing"); *Chloe SAS v. Sawabeh Info. Servs. Co.*, No. CV 11-04147-GAF (MANx), 2012 WL 12883967, at *2 (C.D. Cal. June 1, 2012) (declining to issue a large "damage award in a case of default judgment where the evidence is largely inferential at best, and speculative at worst").

Moreover, the Court must consider the following factors in deciding whether to grant default judgment: (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Because Plaintiff does not address the *Eitel* factors, the Court will deny the motion for default judgment without prejudice. Plaintiff shall have until **July 17, 2020** to file a new motion for default judgment. The motion shall address each *Eitel* factor and shall include evidence – not mere assertions – sufficient to support each calculation of damages. *See Geddes*, 559 F.2d at 560 (factual allegations of the complaint relating to the amount of damages are not taken as true on a motion for default judgment); Fed. R. Civ. P. 8(b)(2)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Plaintiff also shall address in the motion the status of any service of process on Defendant Elvin Grundy. *See* Fed. R. Civ. P. 4(m).

**IT IS ORDERED:**

1. The Court's order dismissing this case without prejudice for lack of subject matter jurisdiction and denying Plaintiff's motion for entry of default as moot (Doc. 18) is **vacated**. The Clerk is directed to reopen this case.

2. Plaintiff's motion for entry of default against The Grundy Law Firm, PLLC (Doc. 15) is **granted** pursuant to Rule 55(a).

3. Plaintiff's motion for default judgment (Doc. 19 at 3) is **denied** without prejudice. By **July 17, 2020**, Plaintiff shall file a new motion for default judgment consistent with this order.

Dated this 25th day of June, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge