**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Hastings,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Elvin Garry Grundy, III; and The Grundy Law Firm, PLLC,<br><br>　　　　　　　　Defendants. | No. CV-19-4645-PHX-DGC<br><br>**ORDER** |

　　　　Plaintiff John Hastings has filed an amended motion for default judgment against Defendant Grundy Law Firm. Doc. 23. For reasons stated below, the motion will be denied and this case will be dismissed.

**I.　　Background.**

　　　　Plaintiff asserts state law claims for legal malpractice, inadequate representation, and breach of fiduciary duty against attorney Elvin Grundy and his law firm. Doc. 1 at 2-4. Plaintiff alleges that as a result of Defendants' tortious conduct, he was not able to obtain a $13,200 judgment against the opposing parties and instead was ordered, in July 2015, to pay more than $18,000 in legal fees to the opposing parties. *Id.* at 2. Plaintiff further alleges that he paid thousands of dollars to Defendants in legal fees. *Id.* Plaintiff seeks a total of $350,000 in damages, which includes alleged emotional distress

and lost employment and educational opportunities caused by the tortious conduct. *Id.* at 4; *see* Doc. 19 at 2.

Plaintiff served process on the Grundy Law Firm in January 2020. Docs. 14, 16. The Grundy Law Firm failed to answer or otherwise respond to the complaint. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Court entered the Grundy Law Firm's default on June 26, 2020. Doc. 21 at 4-5.

The Court denied Plaintiff's initial motion for default judgment without prejudice under Rule 55(b) because Plaintiff provided no evidentiary support for his claimed damages and failed to address the factors to be considered on default judgment. *Id.* at 5-6; *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Court directed Plaintiff to address the *Eitel* factors and provide evidence of his damages in an amended motion for default judgment. *Id.* at 6.

**II.   Plaintiff's Amended Motion for Default Judgment (Doc. 23).**

The rule in this Circuit is "that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). As previously explained to Plaintiff (*see* Doc. 21 at 6), the Court must consider the following factors in deciding whether to grant default judgment: (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy favoring a decision on the merits. *See Eitel*, 782 F.2d at 1471-72.

The Court required that Plaintiff's amended motion for default judgment "address each *Eitel* factor[.]" Doc. 21 at 6. Plaintiff has not complied with this requirement. His amended motion does not discuss the *Eitel* factors. *See* Doc. 23. "[B]ecause Plaintiff has failed to address the *Eitel* factors, [he] has failed to overcome the strong burden favoring decisions on the merits." *Breakdown Servs. Ltd. v. Craney*, No. CV-09-05287-SJO (PLAx), 2010 WL 11596624, at *1 (C.D. Cal. Jan. 13, 2010). The Court will deny

Plaintiff's motion. *See Osgood v. Main Streat Mktg., LLC*, No. 16cv2415-GPC(BGS), 2017 WL 7362743, at *2 (S.D. Cal. Sept. 27, 2017) ("[T]he Court finds it appropriate to deny Plaintiff's motion for default judgment for failing to address the *Eitel* factors.") (citing *Hill v. First Integral Recovery, LLC*, No. CV-09-839-PHX-DGC, 2009 WL 2781990, at *1 (D. Ariz. Aug. 31, 2009)); *Pramco III, LLC v. Wood*, No. C11-0935-JCC, 2013 WL 12253540, at *1 (W.D. Wash. Feb. 1, 2013) (denying a default judgment motion because it "does not address the Ninth Circuit's decision in *Eitel*").

What is more, the Court now has "serious reservations" about the merits of Plaintiff's claims. *Eitel*, 782 F.2d at 1472. In support of his claimed damages, Plaintiff presents the Arizona superior court judgment awarding $18,345 in attorneys' fees and costs to the opposing parties, Jeffrey and Christina Dumas. Doc. 23 at 4-6; *see Hastings v. Dumas*, No. CV2013-013671 (Ariz. Super. Ct. July 13, 2015).[1] Plaintiff asserts that the judgment was due to Defendants' malpractice, including the failure "to respond to, or otherwise properly object to, outstanding discovery." Doc. 1 at 2. Plaintiff further asserts that "but for Defendants' legal malpractice, inadequate representation, and breach of fiduciary duties, [P]laintiff would have prevailed again on his claims at a bare minimum of $1,200 (previous [justice court] judgment) plus interest and also would have obtained a judgment for legal fees against [the Dumases] in excess of $12,000." *Id.* These assertions are belied by the state court record.

In the underlying lawsuit, Plaintiff sued the Dumases – his former landlords – for alleged violations of the Arizona Residential Landlord and Tenant Act, and the Dumases counterclaimed for damage to the rental space and defamation. *See Hastings v. Dumas*, No. 1 CA-CV 15-0608, 2017 WL 631596, at *1 (Ariz. Ct. App. Feb. 16, 2017). In December 2014, the superior court granted the Dumas's motion to dismiss Plaintiff's complaint, "finding that Plaintiff had deliberately failed or refused to participate in

---

[1] *See also* Judicial Branch of Ariz., Maricopa Cty., http://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2013-013671; Clerk of the Super. Ct. Minute Entries, http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Civil/072015/m6924604.pdf (last visited Sept. 11, 2020).

discovery on a good-faith basis, and had violated Arizona Rule of Civil Procedure 11." *Id.* In making its ruling, the court stated that "there is no indication that Plaintiff's counsel has not acted ethically and diligently in trying to respond to [the] court's orders . . . . Default here lies at the feet of Mr. Hastings." *Id.* (brackets omitted). The court thereafter entered judgment, dismissing Plaintiff's complaint with prejudice and awarding fees and costs to the Dumases. *See id.*; Doc. 23 at 4-6.[2]

The Arizona Court of Appeals affirmed the dismissal order because "the record supports the trial court's findings that Plaintiff violated the discovery rules, refused to cooperate with counsel, and impeded the case from advancing." *Hastings*, 2017 WL 631596, at *2. The appeals court explained:

> The record indicates Plaintiff filed his initial complaint against Defendants in 2010. While the case was before the justice courts, Plaintiff requested a change of judge on two separate occasions; objected to the appointment of a pro tempore judge; moved for a change of venue; filed multiple motions to continue; and, at one point, requested that the matter be "placed on a total hold" for five months to accommodate his school schedule.
>
> In the superior court, Plaintiff continued to stall the progress of litigation and disregarded discovery obligations. He refused to cooperate with opposing counsel in the scheduling of his deposition and provided inadequate responses to discovery. Even after stipulating that he would answer all outstanding discovery, Plaintiff hindered his own attorney's ability to produce responses to discovery by providing "scant" and "insufficient" information. Plaintiff's conduct was therefore not the result of a lack of awareness of his obligations as a litigant, but rather a willful disregard of the deadlines imposed by the court and a bad faith failure to comply with discovery requirements.

*Id.* (citing Ariz. R. Civ. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may enter further just orders," which may include "dismissing the action[.]")).

---

[2] The superior court considered lesser sanctions before dismissing the case, such as deeming admitted any requests for admission to which Plaintiff had supplied inadequate responses or baseless objections, but concluded that dismissal was necessary. *See Hastings*, 2017 WL 631596, at *3.

4

The state court record shows that the dismissal of Plaintiff's complaint against the Dumases and the award of fees and costs in their favor did not result from malpractice by Defendants, but from Plaintiff's own misconduct and discovery violations. The superior court found that the dismissal "lies at the feet of Mr. Hastings" and could not find that "counsel has not acted ethically and diligently in trying to respond to [the] court's orders[.]" *Id.* at *1. In affirming the dismissal, the appeals court found that Plaintiff "hindered his own attorney's ability to produce responses to discovery" and engaged in a "a willful disregard of the deadlines imposed by the court and a bad faith failure to comply with discovery requirements." *Id.* at 2.

Contrary to Plaintiff's legal malpractice assertions, Defendants did not cause Plaintiff to lose his case against the Dumases. Doc. 23 at 2. Plaintiff therefore cannot establish that Defendants caused the damages he seeks in this case. *See Andrich v. Ryan*, No. CV 17-00047-TUC-RM, 2020 WL 2735969, at *5 (D. Ariz. May 26, 2020) ("In Arizona, 'the essential elements of legal malpractice based on breach of fiduciary duty include the following: (1) an attorney-client relationship; (2) breach of the attorney's fiduciary duty to the client; (3) *causation, both actual and proximate*; and (4) damages suffered by the client.'") (citation omitted; emphasis added); *Westover v. Wees*, No. 1 CA-CV 17-0005, 2018 WL 1321497, at *2 (Ariz. Ct. App. Mar. 15, 2018) ("Because Westover . . . cannot prevail on the causation and damage elements of his malpractice claim, . . . both the entry of summary judgment in Wees' favor, and the dismissal of Westover's claims with prejudice, were proper.").

**III.   Plaintiff's Prior Judgment Against Defendants.**

Plaintiff has also disclosed – for the first time – that in May 2016 he obtained a $3,000 default judgment against Defendants in Maricopa County Justice Court. Doc. 23 at 3, 7.[3] Plaintiff states that the judgment represents the return of the $3,000 retainer fee he paid to Defendants. Doc. 23 at 3. He further states that he is disclosing the judgment

---

[3] *See* Maricopa Cty. Justice Cts., http://justicecourts.maricopa.gov/FindACase/caseInfo.asp?caseNumber=CC2016020736000 (last visited Sept. 11, 2020).

now because "requesting such damages again could potentially constitute fraud and [he] certainly wishes to avoid any such appearance." *Id.* He claims to have "reserv[ed] the claim for legal malpractice to a court that could award a significantly higher sum due to the significantly higher damages, such as the present court." *Id.*

But such claim splitting is not permissible. In Arizona, the doctrine of claim preclusion, or res judicata, "prevents a plaintiff from bringing a second lawsuit when a prior 'judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action.'" *Peterson v. Newton*, 307 P.3d 1020, 1022 (Ariz. Ct. App. 2013) (quoting *Hall v. Lalli*, 977 P.2d 776, 779 (Ariz. 1999)); *see Crosby-Garbotz v. Fell in & for Cty. of Pima*, 434 P.3d 143, 148 (Ariz. 2019) ("Under claim preclusion, a final judgment may preclude later litigation of other causes of action based on the transaction or series of transactions out of which an action arises[.]").[4]

Plaintiff does not dispute that his justice court action against Defendants and the claims he asserts against Defendants in this case arise from the same alleged tortious conduct. *See* Doc. 23 at 3 (noting that he sued Defendants for return of the retainer fee and purportedly reserved the legal malpractice claim); *see also Sommer v. City of Redondo Beach*, No. 2:18-cv-08896-SJO-FFM, 2019 WL 2970835, at *5 (C.D. Cal. Mar. 12, 2019) ("[B]ecause Plaintiff's instant claims stem from the same primary acts as those in his small claims actions, they arise from the same 'claims' or 'causes of actions.'"). Plaintiff's default judgment against Defendants constitutes a final judgment for purposes of claim preclusion. *See Tech. Air Prods., Inc. v. Sheridan-Gray, Inc.*, 445

---

[4] "The preclusive effect of a state judgment in a federal action is determined by applying the state's preclusion principles." *Colter v. Holmberg*, No. CV-17-00487-TUC-RM, 2017 WL 6886184, at *2 (D. Ariz. Oct. 19, 2017) (citing *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014)). Accordingly, the Court looks to Arizona law to determine the preclusive effect of the justice court judgment Plaintiff obtained against Defendants. *See Quinn v. Harris*, No. CV-18-08111-PCT-DWL, 2019 WL 3457703, at *3 (D. Ariz. July 31, 2019) ("[T]he Court looks to Arizona law to determine the preclusive effect of the Coconino County Superior Court default judgment against Quinn.").

P.2d 426, 428 (Ariz. 1968) ("A default judgment has the same res judicata effect as a judgment on the merits[.]"); *Quinn*, 2019 WL 3457703, at *3 (noting that "the default judgment in the state-court action constitutes a final judgment" for purposes of claim preclusion). The fact that Plaintiff's actual damages may exceed the jurisdictional limit of the justice court does not preclude the doctrine from applying. *See Peterson*, 307 P.3d at 1024 ("Contrary to Peterson's assertion, a decision to pursue an action in small claims court is often tactical, presumably based on the recognition that by forgoing the possibility of a higher award in a different court, . . . the plaintiff may obtain a prompt, economical, and final resolution of a dispute. Thus, while Peterson's actual damages may have exceeded the jurisdictional limit of the small claims court, that fact alone did not prohibit her from pursuing her negligence claim there."); Restatement (Second) of Judgments § 24 cmt. g ("The plaintiff, having voluntarily brought his action in a court which can grant him only limited relief, cannot insist upon maintaining another action on the claim.").[5]

Under Arizona's claim preclusion doctrine, Plaintiff's prior judgment against Defendants bars recovery on the claims he asserts against Defendants in this case. *See Peterson*, 307 P.3d at 1023 (plaintiff's small claims court judgment precluded her "from bringing a subsequent action in small claims court or superior court against [the defendant] for injuries based on the same negligent conduct presented in the original action"); *Sommer*, 2019 WL 2970835, at *5 ("[W]hen a plaintiff chooses his own forum for his initial suit, pleading additional facts and different theories of recovery in a secondary suit is insufficient to avoid the preclusion effect of a final judgment regardless of whether the initial court lacked jurisdiction over certain claims."); *Schnizlein v.*

---

[5] *See also Rucker v. City of Oakland*, 39 F.3d 1188 (9th Cir. 1994) ("There is no merit to appellant's argument that his section 1983 claim should be excepted from the general rule concerning claim-splitting because he could not have brought a section 1983 action or sought punitive damages in the small claims court. The preclusion rule against claim-splitting applies to a plaintiff who chooses to bring his claim to a limited court of jurisdiction if he could have brought the same claim in a court of broader jurisdiction in the same state.").

*Tinsley*, No. 1 CA-CV 17-0172, 2017 WL 4927679, at *2 (Ariz. Ct. App. Oct. 31, 2017) ("[W]e agree . . . that Schnizlein's claims in superior court were precluded because he had already voluntarily sought and obtained a judgment on the merits on those same claims against the same Defendants in justice court."); *Peterson v. sanofi-aventis U.S. LLC*, No. CV-12-202-LRS, 2012 WL 2880883, at *2 (E.D. Wash. July 13, 2012) ("[R]es judicata prevents claim-splitting; a plaintiff may not file a lawsuit under a new legal theory seeking new legal remedies for a claim that could have been raised in a prior action."); *Derringer v. Sewell*, No. CV-08-8156-PHX-DGC, 2009 WL 1578292, at *1 (D. Ariz. June 3, 2009) (discussing the superior court finding that the plaintiff's "claims were barred by res judicata because they had already been decided by the justice court").[6]

## IV.   Conclusion.

The Court will dismiss this case. Plaintiff was specifically directed to address the *Eitel* factors, but failed to do so. More importantly, the record of Plaintiff's state court litigation, which was not previously disclosed to the Court, shows that the underlying lawsuit was dismissed because of Plaintiff's own failure to comply with his court obligations, not because of his lawyer's malpractice. With this record, Plaintiff could not satisfy the *Eitel* factors. What is more, Plaintiff's claims are barred by his newly-disclosed justice court judgment against Defendants.

///
///
///
///
///
///

---

[6] Plaintiff states that he is willing to vacate the justice court judgment against Defendants in order to pursue the damages he seeks in this case (Doc. 23 at 3), but this approach would run afoul of the justice court's "stated purpose of allowing the inexpensive, speedy, and final resolution of legal disputes, A.R.S. § 22-501, as well as Arizona's longstanding presumption against splitting of claims." *Peterson*, 307 P.3d at 1024.

**IT IS ORDERED:**

1. Plaintiff's amended motion for default judgment (Doc. 23) is **denied**.
2. Plaintiff claims are **dismissed**.
3. The Clerk is directed to **terminate** this action.

Dated this 14th day of September, 2020.

David G. Campbell
Senior United States District Judge